# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00109-CR

**Michael Scott, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT NO. 996378, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

I respectfully dissent from the majority's conclusion that the Sixth Amendment error was harmless beyond a reasonable doubt.

I join the Court in its application of the United States Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177 (2004), which was announced subsequent to the decision of the jury in this case; Springsteen's statement should not have been admitted as it violates the Sixth Amendment to the United States Constitution. However, I cannot agree that admission of the statement by Springsteen, a convicted defendant in another trial arising from the same incident, was not harmful error. We must consider with great caution beyond a reasonable doubt, what effect the statement of a convicted murderer, involved in the same crime, had on the jury's decision. I am not convinced that the statement was without substantive effect upon that

decision. The statement played a prominent role in the State's case, was used in closing argument, and was influential in the decision to convict Scott. For that reason, I would reverse the conviction and remand for a new trial.

The fundamental issue presented by point of error four is whether a non-testifying party's out-of-court statement made to the police during an investigation of a crime and incriminating the defendant is admissible against the defendant. Selected portions of Springsteen's extra-judicial statement secured by police interrogation were offered by the State over objection that Scott was being deprived of his right to confront and cross-examine the witnesses against him as guaranteed by the Sixth Amendment to the United States Constitution. The Sixth Amendment right of confrontation is a fundamental right and is applicable to the states by virtue of the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 403 (1965); *Shelby v. State*, 819 S.W.2d 544, 546 (Tex. Crim. App. 1991).

While this appeal was pending, the United States Supreme Court handed down its decision in *Crawford*, 158 L. Ed. 2d 177 (2004), which held that, without exception, testimonial statements of witnesses absent from trial are admissible over a Sixth Amendment Confrontation Clause objection only when the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. 158 L. Ed. 2d at 203. Statements taken by police officers in the course of interrogation are testimonial. *Id.* The Court concluded that the Confrontation Clause's ultimate goal is to ensure the reliability of evidence and it demands that reliability be assessed in a particular manner: "by testing in the crucible of cross-examination." *Id.* at 199. In rendering its

2

decision, the Supreme Court specifically overruled *Ohio v. Roberts*, 448 U.S. 56 (1980), which had established a different test for overcoming a Sixth Amendment confrontation objection. *Id.* at 198.

I agree with the majority that in the instant case the trial court erred in admitting, over objection, Springsteen's testimonial statement given during police interrogation. The redacted statement did not contain Scott's name but clearly incriminated him. There was no showing that Scott had a prior opportunity to cross-examine Springsteen. There was no testing "in the crucible of cross-examination." *Id.* at 199. In light of the *Crawford* decision, there was fundamental constitutional error in admitting Springsteen's statement in violation of the Sixth Amendment.[1]

I must disagree with the majority's conclusion that the constitutional error was harmless beyond a reasonable doubt. Because the error is a constitutional error, we must honor Rule 44.2(a) of the Texas Rules of Appellate Procedure. The rule provides:

> If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

Tex. R. App. P. 44.2(a); *see also Mendez v. State*, 56 S.W.3d 880, 893 (Tex. App.—Austin 2001, pet. ref'd).

Confrontation clause violations are subject to harmless error analysis. *See Lilly v. Virginia*, 527 U.S. 116, 140 (1999). Therefore, Rule 44.2(a) is applicable in this case. In making the determination of harm, we do not focus on the propriety of the outcome of the trial. *McCarthy*

---

[1] The trial court was without the benefit of *Crawford v. Washington*, 541 U.S. 36 (2004), at the time of trial.

3

*v. State*, 65 S.W.3d 47, 55 (Tex. Crim. App. 2001). Instead, the task of the reviewing court is to calculate as much as possible the probable impact of the error on the jury in light of the other evidence. *Id.*; *Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000). The question is whether the prosecution has proved beyond a reasonable doubt that the error did not contribute to the conviction or the punishment as reflected by the jury's verdict. *See Brooks v. State*, 132 S.W.3d 702, 708 (Tex. App.—Dallas 2004, pet. ref'd) (citing *Wesbrook*, 29 S.W.3d at 119, and *Satterwhite v. Texas*, 486 U.S. 249, 256-57 (1988)).

In *Brooks*, the court of appeals stated:

> If there is a reasonable likelihood that the error materially affected the jury's deliberations, then the error is not harmless beyond a reasonable doubt. *Wesbrook*, 29 S.W.3d at 119. The fact that the legally admitted evidence is sufficient to support the verdict does not demonstrate the error was harmless. *Id.* (quoting *Satterwhite*, 486 U.S. at 258-59, 108 S. Ct. 1792). However, the error may be harmless when the lawfully admitted evidence of the defendant's guilt is overwhelming. *See Simpson v. State*, 119 S.W.3d 262, 269-71 (Tex. Crim. App. 2003); *Guidry v. State*, 9 S.W.3d 133, 151 (Tex. Crim. App. 1999).

*Brooks*, 132 S.W.3d at 708.

In the instant case, as the majority notes, no physical evidence linked Scott to the yogurt shop murders. The question of Scott's guilt rested largely upon his statements to the police, the voluntariness of which was sharply contested. Scott was lied to by the police officers interrogating him. He was told that the other three parties had implicated him in the murders. This was not true. Officer Merrill had used a .22-caliber pistol in his questioning of Scott and placed Merrill's finger to the back of Scott's head. Scott later told Merrill, "You scared the shit out of me." Merrill confirmed that that had been his purpose. There was one demonstrated incident in which

4

Scott's interrogation was contaminated by an officer's leading question that revealed to Scott a crucial fact in the case. The interrogation overall was exhaustive as conceded by the officers, and Scott was subjected to hours of intense and vigorous questioning. Scott contended that his oral statements were coerced and he challenged their voluntariness before the jury. The issue of the voluntariness of Scott's oral statements was submitted to the jury. The court's charge authorized Scott's conviction for the murder of Amy Ayers either acting alone or with another or others as a party to the offense.

Scott's oral statements to the police were the principal basis for the prosecution. The State did offer circumstantial evidence tending to suggest Scott's guilt but not tying him to the offense charged. To corroborate Scott's oral confession, the State offered Springsteen's testimonial statement to the police. The statement, edited down to five short paragraphs, described Springsteen's conduct on the night of the murders and was admitted over timely Sixth Amendment objection. As the majority notes, it was offered to corroborate Scott's oral statements and to rebut defensive claims that Scott's statements were unreliable and untrue. The interlocking between Scott's statements and the tailored version of Springsteen's statement served that purpose. Scott had no opportunity to confront Springsteen as a witness against him, and, more importantly, no right to cross-examine him.

A co-party's statement that expressly implicates a defendant is "powerfully incriminating." *Richardson v. Marsh*, 481 U.S. 200, 208 (1987); *Brooks*, 132 S.W.3d at 709. The Springsteen statement was crucial to the State's case.

Both parties devoted most of their jury argument to the credibility of Scott's statements to the police. The State used the improperly admitted Springsteen statement in its closing

5

argument just before the jury retired to deliberate at the guilt/innocence phase of the trial. If there was any doubt in the jurors's minds about the voluntariness of Scott's confession, the State-selected portions of Springsteen's statement could have removed that doubt.

In determining harmless error, the reviewing court should examine the source and the nature of the error and the extent to which it was emphasized by the State. *See Harris v. State*, 790 S.W.2d 568, 587 (Tex. Crim. App.1989).[2] When an appellate court rules that a constitutional error was harmless, it is in essence asserting that the nature of the error was such that it could not have affected the jury. *Wesbrook*, 29 S.W.3d at 119; *Miles v. State*, 918 S.W.2d 511, 517 (Tex. Crim. App. 1996). When a constitutional error involves the erroneous admission of evidence, the question is not whether there is other evidence sufficient to convict, but whether there is a reasonable possibility that the erroneously admitted evidence contributed to the jury's verdict. *James v. State*, 833 S.W.2d 118, 127 (Tex. Crim. App. 1992).

The instant case presents a horrendous set of tragic facts. However, it also presents a fundamental constitutional error which calls for reversal unless this Court can say beyond a reasonable doubt that the error did not contribute to the conviction or to the punishment imposed. *See* Tex. R. App. P. 44.2(a). On this record, I reluctantly conclude that I cannot say that the violation of the Confrontation Clause of the Sixth Amendment did not contribute to the conviction and was harmless. *See Brooks*, 132 S.W.3d at 711 (admission of co-defendant's statement violating

---

[2] *Harris v. State*, 790 S.W.2d 568 (Tex. Crim. App. 1989), also suggests another factor to be considered—whether declaring the error harmless would encourage the State to repeat it with impunity. *Id.* at 587. This factor includes all prosecutors, not just the prosecutors in the instant case as to which the majority limited its reasoning.

*Crawford* was not harmless). Accordingly, I would sustain appellant's fourth point, reverse the judgment of conviction, and remand for a new trial.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Filed:   March 24, 2005

Publish